IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LIBERTY INSURANCE CORPORATION,

                Plaintiff,

        vs.                                Civil Action 2:13-cv-241
                                           Magistrate Judge King

ADVANCED SERVICES HEATING &
COOLING, INC., *et al.*,

                Defendants.


OPINION AND ORDER

This is a diversity action in which plaintiff Liberty Insurance Corporation ("Liberty" or "plaintiff") seeks recovery for amounts paid to its insured in connection with losses allegedly caused by defendants' negligence in the installation and servicing of a heater in the insured's premises.  Specifically, the *Complaint*, Doc. No. 1, alleges that defendants' negligence caused a fire at the home of plaintiff's insured, Brian and Amanda Blakeman (the "Blakemans"), that resulted in damages "in excess of $243,823.65, representing the fair and reasonable value of real property damage, emergency expenses and alternative living expenses."  *Id*. at ¶¶ 3, 17, 21, 24.  Liberty allegedly reimbursed the Blakemans for their loss pursuant to Liberty's insurance policy and became "subrogated to the rights of the Blakemans to the extent of [the] payments made."  *Id*. at ¶ 18.

This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of defendants Advanced Services Heating & Cooling, Inc., and Blankenship

Heating & Cooling's (collectively "defendants") *Joint Motion to Dismiss for Lack of Diversity Jurisdiction* ("*Motion to Dismiss*"), Doc. No. 24, plaintiff's response, Doc. No. 27, and *Memorandum of Law in Support of its Opposition to Defendants' Joint Motion to Dismiss* ("*Plaintiff's Memo in Opposition*"), Doc. No. 28, and *Defendants' Reply*, Doc. No. 29.

Defendants take the position that the Court lacks subject matter jurisdiction because the Blakemans are necessary parties, but whose joinder would destroy diversity jurisdiction. *Motion to Dismiss*, pp. 1, 3-4. The specifics of defendants' argument are not, however, entirely clear.  Defendants appear to argue that the Blakemans are real parties in interest and necessary to this action because Liberty paid the Blakemans for only a portion of their loss, i.e., the loss less the $500 deductible. *See id*. at 4-8.  Joinder is not feasible, defendants argue, because defendants and the Blakemans, who would be joined as plaintiffs, are all citizens of Ohio.  *Id*. at pp. 3-4.

For its part, Liberty insists that it is the only real party in interest because it "paid the Blakemans for the entire loss that they sustained as a result of the fire, less a $500 deductible." *Plaintiff's Memo in Opposition*, p. 3.  Plaintiff also refers to a July 2013 *Subrogation Receipt and Agreement*, attached to *Plaintiff's Memo in Opposition* as Doc. No. 28-1, that purportedly transfers all of the Blakemans' "rights to recover any damages sustained as a result of the fire to Liberty."  *Plaintiff's Memo in Opposition*, pp. 3-4.

As an initial matter, the parties have not articulated the standard of review that applies to the *Motion to Dismiss*.  A motion to

2

dismiss for lack of diversity jurisdiction would ordinarily be governed by Fed. R. Civ. P. 12(b)(1).  However, defendants apparently concede that the Court currently has subject matter jurisdiction under 28 U.S.C. § 1332 because the current parties are of diverse citizenship, *Motion to Dismiss*, p. 6, and defendants "agree[] that the amount in controversy is sufficient to invoke diversity jurisdiction." *Id.* at 3.  The Court therefore agrees that it is vested with subject matter jurisdiction under 28 U.S.C. § 1332.

The *Motion to Dismiss* is more appropriately considered under Rule 12(b)(7) because it appears to seek dismissal of the *Complaint* for failure to join a party under Fed. R. Civ. P. 19.  "Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted).  "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Id.* (citing *Temple v. Synthes Corp. Ltd.*, 498 U.S. 5, 8 (1990)).  "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Id.* (citing *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)).  "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.* (quoting *W. Md. Ry. Co.*, 910 F.2d at 961).  "Thus, a person or entity is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be

3

effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." *Id*. (citations and quotations omitted).  S*ee also Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43-44 (6th Cir. 2012); *Am. Express Travel Related Servs., Co., v. Bank One-Dearborn, N.A.*, 195 F. App'x 458, 460 (6th Cir. 2006); *Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005).

> A party is necessary under Rule 19 if
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  *See also Hooper*, 396 F.3d at 748 (quoting Fed. R. Civ. 19(a)).

In the case presently before the Court, defendants do not argue that the Court cannot accord complete relief among existing parties in the absence of the Blackmans, nor do they argue that the Blackmans' absence will impair or impede defendants' ability to protect any interest related to this action, or that the Blackmans' absence will subject any party to a substantial risk of incurring multiple or inconsistent obligations.  Instead, defendants argue that the Blackmans must be joined as plaintiffs because they possess a claim against defendants by reason of their $500 deductible which cannot,

4

defendants argue, be split from Liberty's claim.  *See Defendants'*
*Motion*, pp. 5-7.  Paying a deductible, defendants argue, rendered the
Blakemans "the only real parties in interest when the Complaint was
filed."  *Defendants' Reply*, p. 3.  *See also Motion to Dismiss*, pp. 5-
6.  Defendants' argument is not well taken.

Rule 17(a) of the Federal Rules of Civil Procedure provides that
"[a]n action must be prosecuted in the name of the real party in
interest."[1]  Fed. R. Civ. P. 17(a)(1).  "Under the rule, the real party
in interest is the person who is entitled to enforce the right
asserted under the governing substantive law."  *Certain Interested*
*Underwriters at Lloyd's*, 26 F.3d at 42-43 (citations omitted).  "The
real party in interest analysis turns upon whether the substantive law
creating the right being sued upon affords the party bringing the suit
a substantive right to relief."  *Id*. at 43 (citations omitted).  The
case presently before the Court is a diversity action, so the
governing substantive law of Ohio applies.  *See Klaxon Co. v. Stentor*
*Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Ohio law permits an insurer
who pays an insured's claim of loss cause by another's wrongdoing to
assert its subrogation rights against the alleged wrongdoer and
recover damages caused by the wrongdoer's negligence.  *See e.g.*, *Smith*
*v. Travelers Ins. Co.*, 50 Ohio St.2d 43, 45-46 (1977) (indicating that
a subrogee is a real party in interest and has the right to maintain
an action in its name); *Ohio Cent. R.R. Sys. v. Mason Law Firm Co.,*
*L.P.A.*, 915 N.E.2d 397, 404-05 (Ohio Ct. App. 2009) (indicating that

---

[1]  "Rule 17(a) is not jurisdictional and relates only to the proper parties
and the capacity to sue."  *Certain Interested Underwriters at Lloyd's v.*
*Layne*, 26 F.3d 39, 42 n.1 (6th Cir. 1994).

an insurer who becomes subrogated to an insured's rights by paying for an entire loss less the deductible is the sole real party in interest with respect to the amounts it paid pursuant to its contract with the insured); *Motorists Mut. Ins. Co. v. Hall*, No. 04AP-1256, 2005 WL 1785126, at *2 (Ohio Ct. App. July 28, 2005) (discussing equitable and contractual subrogation rights); *Ward v. Tea*, No. 88AP-1147, 1989 WL 65410, at *2 (Ohio Ct. App. June 13, 1989) ("'Where, by virtue of a prior contract of indemnity and subrogation, an insurer pays its insured for property damage sustained and becomes thereby subrogated to the rights of its insured to the amount of such payment, such insurer may prosecute a separate action against the party causing such injury to the extent of the amount paid under such contract.'") (quoting *Hoosier Cas. Co. v. Davis*, 172 Ohio St. 5 (1961)); *United States Fid. & Guar. Co. v. Buckeye Union Ins. Co.*, No. L-85-377, 1986 WL 11418, at *2 (Ohio Ct. App. Sept. 30, 1986) ("Ohio case law recognizes that a subrogee insurance company may recover the subrogated amount from a tortfeasor who settles the claim of a party injured by his act and executes a release with full awareness of the fact that the claim has been subrogated.") (citations omitted); 59 Ohio Jur. 3d *Insurance* § 1279 ("A subrogated insurance company is entitled to sue in its own name for that part of a claim for damages arising out of an accident which has been assigned to it under a subrogation agreement."). Defendants' arguments to the contrary notwithstanding, Liberty is a real party in interest because it is entitled to enforce its subrogation rights under Ohio law.

Defendants apparently recognize this principal by arguing,

6

presumably in the alternative, that both Liberty and the Blakemans are real parties in interest. *See Motion to Dismiss*, p. 7 (arguing that an insured who paid a deductible and the insurer who paid the remainder of the insured's loss are "both required to be joined as party plaintiff[s] or defendant[s] because they both had a real party in interest"). Defendants' argument that the Blakemans must therefore be joined in this action is without merit.  Even assuming, *arguendo*, that the Blakemans are real parties in interest and qualify as necessary parties under Rule 19(a), and that joinder is not feasible because their joinder would destroy diversity jurisdiction, the Court must still "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  This analysis requires a pragmatic, fact-intensive assessment. *See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-120 (1968). Rule 19(b) expressly requires consideration of the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

> (2) the extent to which any prejudice could be lessened or avoided by:

> (A) protective provisions in the judgment;

> (B) shaping the relief; or

> (C) other measures;

> (3) whether a judgment rendered in the person's absence would be adequate; and

> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

7

This Court concludes that, in equity and good conscience, the case can proceed even in the Blakemans' absence.  As discussed *supra*, Liberty is subrogated to the rights of the Blakemans to the extent that it reimbursed the Blakemans for losses covered by Liberty's insurance policy.  *See Hall*, 2005 WL 1785126 at \*2.  To the extent that the Complaint asserts a claim based on the Blakemans' deductible, Liberty cannot recover to that extent absent proof of ownership of the claim. Notably, defendants do not argue that the Blakemans or any party will be prejudiced, or that a judgment rendered by this Court in the Blakemans' absence will be inadequate. Moreover, as noted *supra*, the Blakemans have now executed a subrogation receipt and agreement transferring to Liberty all rights to recover any damages sustained as a result of the March 25, 2011 fire at their residence.  *Subrogation Receipt and Agreement*, Doc. No. 28-1.  This agreement effectively eliminates any possibility of prejudice to the Blakemans or to the parties to this action.  Accordingly, to the extent that defendants' *Motion to Dismiss* seeks dismissal under Rule 12(b)(7) for failure to join a party under Rule 19, it is without merit.

For the foregoing reasons, defendants' *Motion to Dismiss*, Doc. No. 24, is **DENIED**.


October 1, 2013                                    *s/Norah McCann King*_____
                                          Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge


8